**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

GS HOLISTIC, LLC.

Plaintiff,

vs.

CRYSTALS UP IN SMOKE INC.,
d/b/a UP IN SMOKE, *et al.*

Defendants.

CASE NOS. 1:23-cv-627
1:23-cv-634
1:23-cv-635
1:23-cv-636
1:23-cv-638
1:23-cv-639
1:23-cv-641
1:23-cv-648
1:23-cv-671
1:23-cv-672
1:23-cv-673
1:23-cv-674
1:23-cv-677
1:23-cv-708
1:23-cv-748
1:24-cv-451
1:24-cv-553
1:25-cv-163
2:23-cv-3234
2:23-cv-3578
2:23-cv-3601
2:23-cv-3604
2:23-cv-3606
2:23-cv-3760
2:23-cv-3761
2:23-cv-3762
2:23-cv-3782
2:23-cv-3786
2:23-cv-3811
2:23-cv-3928
2:23-cv-3931
3:23-cv-294
3:23-cv-307
3:23-cv-317
3:23-cv-323
3:23-cv-324
3:23-cv-325
3:23-cv-328
3:23-cv-336
3:23-cv-350

3:23-cv-336
3:23-cv-350
3:23-cv-351

Judge Walter H. Rice
Magistrate Judge Michael R. Merz

---

**PRELIMINARY PRETRIAL CONFERENCE ORDER**

---

The captioned cause came on to be heard upon preliminary pretrial conference on February 2, 2026.

**PERTINENT SETTINGS**

| | | |
|---|---|---|
| 1. | Required disclosures under Fed. R. Civ. P. 26(a)(1): | February 20, 2026 |
| 2. | For cases reported settled, notices of dismissal to be filed by: | February 17, 2026, 12 p.m. EST |
| 3. | For cases not reported settled, detailed status Reports to be filed by: | February 17, 2026, 12 p.m. EST |
| 4. | Cut-off date for motions to dismiss or for summary judgment based on Defendant as an improper party or lack of personal jurisdiction | February 17, 2026, 12 p.m. EST |
| 5. | Written notification to Court re: contingent consent or Refusal to Magistrate Judge for trial purposes only:* | February 20, 2026 |
| 6. | Cut-off date for filing of motions directed to pleadings (including motions to dismiss filed pursuant to FED.R.CIV.P. 12): | March 13, 2026 |
| 7. | Cut-off date for filing of motion to amend and to add parties: | March 13, 2026 |
| 8. | Identification of lay witnesses with synopsis of their testimony to be filed by: | March 30, 2026 |

9. The dates to reveal the identity of expert witnesses and to provide a copy of the expert's report (Rule 26(a)(2)(B)) or the subject matter and summary of facts and opinions for experts not required to prepare reports (Rule 26(1)(2)(C)) are:

   Initial Expert(s), Plaintiffs and Defendants — April 22, 2026

   Rebuttal Expert(s) — May 12, 2026

10. Request for admissions: — May 1, 2026

11. Cut-off **DEADLINE** for discovery: — June 5, 2026

12. Deadline by which to conduct mediation: — June 5, 2026

13. Status conference following discovery deadline to explore ADR options: (By telephone with Judge Rice who will manage case from this point forward to resolution or trial unless otherwise ordered.) — June 8, 2026, 4:00 p.m. EDT

13. Cut-off date for filing of motions for summary judgment: — July 1, 2026

   Deadline by which to file memoranda *contra*: — July 15, 2026

   Deadline by which to file reply memoranda — July 22, 2026

14. Cut-off date for all other pretrial motions, *e.g.*, motions *in limine*, motions for a view, etc.: — Tuesday, August 18, 2026

13. Joint Final Pretrial Order by parties to be filed no later than: — Tuesday, August 25, 2026

14. Trial exhibits to be exchanged by: — Friday, August 28, 2026

15. Final Pretrial Conference to be held:
   By Zoom on: — **Tuesday, September 3, 2026, at 3:00 p.m. EDT**

16. Deadline for submitting proposed jury instructions, including verdict forms and interrogatories (with additional copy to be submitted to the Court in

Word format to rice_chambers@ohsd.uscourts.gov), and original copies of depositions, with designations, that counsel intend to use at trial: **At least 10 days prior to trial**

17. Deadline for submitting counter-designations: **At least 5 days prior to trial**

18. Trial on the merits beginning: **Monday, September 14, 2026**

19. Law Clerk assigned to case: James Ronald Smerbeck

20. Magistrate Judge assigned to case: Hon. Michael R. Merz

**ARTIFICIAL INTELLIGENCE ("AI") PROVISION**

No attorney for a party, or a *pro se* party, may use Artificial Intelligence ("AI") in the preparation of any filing submitted to the Court. Parties and their counsel who violate this AI ban may face sanctions including, *inter alia*, striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit. The Court does not intend this AI ban to apply to information gathered from legal search engines, such as Westlaw or LexisNexis, or Internet search engines, such as Google or Bing. All parties and their counsel have a duty to immediately inform the Court if they discover the use of AI in any document filed in their case.

**CONSENT TO MAGISTRATE JUDGE JURISDICTION FOR TRIAL**

In order to guarantee the availability of a judicial officer to try your case on the date set in this entry, it is the request of the Court that each counsel speak with his/her client as to the possibility of consenting to a referral to the Magistrate Judge for purposes of trial only. In this fashion, the undersigned will handle all aspects of this litigation subsequent to the discovery cut-off including the trial (if he is available). If the undersigned is otherwise committed in trial on the date set for trial herein, the Magistrate Judge who has managed

the case through the discovery cut-off will be able to try this case. Absent a referral to the Magistrate Judge (and it is always the right of the party to so refuse), the undersigned will try this case on the date set, or upon a very short-term trailing docket thereafter, even if it means trying more than one case at a given time. Please notify the Court in writing as to your client's wishes in this regard not later than 20 days from the date of the preliminary pretrial conference.

There will be no continuation of discovery beyond the discovery cut-off date, absent express approval of the Court or the Magistrate Judge obtained upon showing of good cause.

The discovery "cut-off" deadline means that **ALL** discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date. Purely as a hypothetical example, request for the production of documents, with a 28-day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.

Except for good cause shown, no extension of the discovery "cut-off' deadline will be allowed if such extension would impact adversely on the date set for the filing of motions for summary judgment or the trial date set herein.

In order to make certain that progress towards disposition of the captioned cause does not become "gridlocked" by discovery disputes, this Court would offer an invitation to counsel of record, should such a discovery dispute arise, prior to the discovery cut-off deadline, and, further, should the parties have exhausted all extra-judicial means of

resolving same, to call the chambers of the Magistrate Judge, in order to advise the Magistrate Judge's Courtroom Deputy of the need for a brief discovery conference. The Magistrate Judge will then convene a brief discovery conference in the hope of resolving the impasse without the necessity of filing motions to compel, motions for protective order, etc.

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE